**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LIFE INSURANCE SETTLEMENT**
**ASSOCIATION, INC.,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:07-cv-180-Orl-31DAB**

**FINANCIAL RESEARCH ASSOCIATION,**
**LLC,**

        **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (Doc. No. 22)**
>
> **FILED:** October 4, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

This dispute centers on Defendant's use of Plaintiff's trademark and name to advertise a Conference held by Defendant. At issue are two document requests: 1) for "all documents, including but not limited to electronically stored information, reflecting or setting forth the identity of those persons who attended the Conference" and 2) for "all documents, including but not limited to electronically stored information, reflecting or setting forth any expenses, revenues or profits/losses

you incurred as a result of the Conference." Defendant has objected to same, asserting that the requests are not relevant and that the requests seek trade secret or otherwise sensitive information which should not be produced to a competitor. Plaintiff seeks production and attorney's fees and costs for having to bring the motion. The Court **grants** the motion, in part, and **denies** the motion, in part, as follows.

### The request for identification of Conference attendees

Plaintiff contends that under the liberal standard of discovery set forth in the federal rules it is entitled to know who attended the Conference, as those attendees are potential witnesses to the confusion Plaintiff alleges resulted from the inaccurate use of Plaintiff's name and mark as a sponsor of the event, and may have information relevant to damages (to the extent the attendees might have attended Plaintiff's competing event). Defendant contends that discovery should not be allowed, in view of its contention that Plaintiff "originally authorized" Defendant to use its name and logo, and thus, the only relevant witnesses are those who attended *after* Plaintiff belatedly revoked its permission. Defendant also contends that disclosure amounts to disclosing a client list to a competitor, and should not be allowed.

Plaintiff has asserted that Defendant wrongfully used Plaintiff's mark in promoting its own competing conference, resulting in attendee confusion and damage to Plaintiff. Defendant, however, sees the case differently, contending that the only issue is whether Defendant had prior approval to use the mark and whether Plaintiff validly revoked this approval. While Defendant argues that the list is not relevant to its *defense* of the claim (*i.e.,* that Defendant had permission to use the mark), that does not lessen the relevance of the list to the *claim itself.* Defendant's suggestion that Plaintiff

should first have to *disprove* Defendant's affirmative defense before it could obtain discovery on its own claim is without legal or rational support.

This is not to say that each and every one of the Conference attendees is a necessary witness. While every attendee may, in fact, have discoverable information, the limits placed on discovery mandate that counsel act with restraint in its approach to obtaining useful evidence. As this Court noted elsewhere:

> Each of the spectators at a basketball game may be competent to testify as to the final score, but it is not necessary to take thousands of depositions to prove who won the game . . . Due process does not mandate the examination of every conceivable witness. Concern for the cost and inconvenience attendant upon numerous depositions supports imposing limits and discipline in the discovery process.

*Lang v. Reedy Creek Improvement District and Walt Disney World Co.*, Case No. 94-693-Civ-Orl-3ABF(17), Order dated October 23, 1995, Doc. No. 138. The Court simply finds that the list is relevant, within the meaning of the federal rules, in that it seeks "the identity and location of persons having knowledge of any discoverable matter" and "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Defendant next asserts that this list is, in essence, a client list and that the information sought is non-discoverable as proprietary. Even if the Court were to agree that the list was a confidential business record, the parties have entered into a Stipulated Confidentiality Agreement "in order to protect *any* alleged proprietary, confidential, technical and commercial information and trade secrets" (Doc. No. 22-7, at p. 1, emphasis added). The Agreement restricts the parties from using the confidential documents for any use not related to this suit and, by its terms, provides for court enforcement and sanction upon breach. Defendant's contention that Plaintiff or its counsel may inadvertently misuse the information is thus unavailing. Moreover, the Court rejects counsel's

contention that the Confidentiality Agreement is inapplicable to *highly* confidential documents. It is disingenuous to negotiate for and enter into a reciprocal confidentiality agreement and then contend that the terms you drafted and agreed to provide insufficient protection.

The objections to this Request are **overruled.** Defendant shall produce the list within 11 days of the date of this Order.

### Financial documents

Plaintiff next requests that Defendant turn over certain documents reflecting the profits gained from the Conference, asserting that such documents are relevant to the issue of damages for infringement. Defendant contends that the request is overbroad and seeks privileged information.

Defendant asserts that "[p]roviding LISA with information as to the expenses and profits associated with the Conference allows LISA to utilize the discovery process to see how FRA does business and possibly implement some of FRA's practices. Defendant argues further "the only financial information even conceivably relevant is the profits realized from persons who first received materials promoting the Conference containing LISA's name and logo after LISA attempted to revoke its authorization and who then registered for the Conference." (Doc. No. 23 at 10). Neither objection is persuasive. As above, the Confidentiality Agreement protects against any use unrelated to the litigation. Moreover, although Defendant steadfastly contends that it had permission for the use, the Complaint alleges specifically that Defendant used the mark and Plaintiff's name "without the knowledge or authorization of LISA" (Doc. No. 1, Allegations 10, 23). As such, if Plaintiff is correct and permission was never granted, the financial information for the entire Conference may be relevant, that is, may lead to the discovery of admissible evidence, as to the issue of damages which

may have arisen from the unauthorized use. Defendant is not free to restrict its production consistent only with its theory of the case.

The Court similarly rejects Defendant's suggestion to bifurcate the case with respect to liability and damages. While such an approach is useful in certain situations, this case is not so complex and production of the profit information not so burdensome as to warrant the additional expense and delay inherent in a bifurcated approach. Nor is the Court persuaded that production should be restricted to attorney's eyes only. The request seeks information relating to the profitability of the Conference. There is nothing inherently "secret" about this information, and, should Plaintiff prevail in its claim, the information is essential to prove damages.

The objections are **overruled.** The information shall be produced within 11 days of the date of this Order.

### Other issues

Although Plaintiff appears to contend that there are other documents (electronically stored or otherwise) that have not been produced, Defendant avers that it has produced all other documents within its care or control. *See* Doc. No. 23, footnote 2. In view of this representation, and the Affidavit of Ellen Wofford, attesting to Defendant's efforts to obtain deleted emails, the Court **denies** this portion of the motion. The Court cannot compel Defendant to produce what does not exist.

The Court likewise declines to award attorney's fees at this juncture. Defendant's position, while largely unpersuasive, was not wholly without merit, as is clear from the preceding paragraph, and the parties have been professional and apparently cooperative on most discovery issues, to date. As long as the parties and counsel adhere to this standard, the Court anticipates that the need for motion costs or sanctions will be lessened considerably.

**DONE** and **ORDERED** in Orlando, Florida on October 25, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record