# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LIFE INSURANCE SETTLEMENT ASSOCIATION, INC.,**

                 **Plaintiff,**

**-vs-**                                 **Case No.  6:07-cv-180-Orl-31DAB**

**FINANCIAL RESEARCH ASSOCIATION, LLC,**

                 **Defendant.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 25)** |
| **FILED:** | **December 5, 2007** |

_____

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

      As this Court noted in prior Order, Plaintiff has asserted that Defendant wrongfully used Plaintiff's mark in promoting its own competing conference, resulting in attendee confusion and damage to Plaintiff.  Defendant, however, sees the case differently, contending that the only issue is whether Defendant had prior approval to use the mark and whether Plaintiff validly revoked this approval.  Defendant has counterclaimed for unjust enrichment.  At issue in the instant motion is the appropriate scope of discovery of Plaintiff's documents relating to sponsorship of any other seminars.  Specifically, Document Request No. 42 seeks:

Any invoices, payment stubs, receipts, bills or related documentation which illustrate any sponsorship by LISA in any seminars, conferences or meetings conducted or put on by a third party in which LISA was a paid sponsor or paid for any advertising, promotion, or affiliation with the seminar, conference or meeting.

Plaintiff asserts the request is irrelevant and outside the proper scope of discovery. As pointed out by Plaintiff in its earlier memorandum seeking to compel discovery from Defendant, pursuant to the Federal Rules of Civil Procedure, parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…." Fla. R. Civ. P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. While the information sought here may not be admissible at trial with respect to the issue of damages, it is not so clearly unrelated to the issues of liability as to fall without the second prong of the test: appearing reasonably calculated to lead to the discovery of admissible evidence. For example, were LISA to indicate that it never pays for sponsorships, that certainly would bear on the disputed issue as to whether it agreed to do so here. On the other hand, production indicating that it routinely partners with other organizations to sponsor such conferences as a matter of course would also be relevant.

That said, the Court agrees that the actual *amounts* Plaintiff paid for such advertising (if any) are not directly relevant and are not likely to lead to any admissible evidence. Therefore, the motion to compel is **granted, in part.** Plaintiff is ordered to respond to the Request within 11 days of the date of this Order, with the provisio that it may redact the actual amounts paid (if any) for such advertising or sponsorship from any documents produced.

**DONE** and **ORDERED** in Orlando, Florida on December 20, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record